| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
|---|---|---|
| LUIS M. COTTO SANTOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | TA2025RA00313 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Resolución de Reconsideración ICG-593-2025<br><br>Sobre:  Solicitud de Aplicación Ley 66 |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

El Sr. Luis M. Cotto Santos, miembro de la población correccional (el "Recurrente"), plantea que el Departamento de Corrección y Rehabilitación ("Corrección") no le brindó una respuesta adecuada en conexión con su derecho a recibir ciertas bonificaciones.  Concluimos que, según bien reconoce Corrección ante este Tribunal, procede dejar sin efecto la decisión recurrida y devolver el asunto a dicha agencia para que se brinde una respuesta adecuada y completa al Recurrente.  Veamos.

I.

El Recurrente presentó ante Corrección una *Solicitud de Remedio Administrativo.*  En la misma, solicitó que se le "aplique" la Ley 66-2022, relacionada con la concesión de ciertas bonificaciones.

Corrección le brindó al Recurrente una respuesta; en esencia, se le comunicó que la Ley 66 solo aplica a quienes disfrutan del beneficio de la Junta de Libertad Bajo Palabra y que a los confinados recluidos (como el Recurrente) ya se les aplicó, si "cualificaba[n]", la

Ley 87-2020. También se le explicó al Recurrente que él es elegible a recibir bonificación por estudio o trabajo, "si lo realiza".

El Recurrente solicitó reconsideración y, por medio de la Coordinadora correspondiente, Corrección confirmó la respuesta inicial mediante una Resolución notificada el 6 de octubre de 2025.

El 23 de octubre, el Recurrente presentó el recurso que nos ocupa, en el cual reproduce lo planteado ante Corrección sobre la Ley 66-2022. En particular, el Recurrente explica que, a finales de 2022, recibió el beneficio de libertad bajo palabra, el cual disfrutó durante casi todo el año 2023. Aseveró que, desde el 7 de enero de 2023 hasta el 6 de junio de 2023 trabajó en City Garden y, además, del 10 de junio de 2023 al 6 de diciembre de 2023, trabajó en el Supermercado Econo de Altamira. Por ello sostiene que debió recibir las correspondientes bonificaciones por trabajo.

A petición nuestra, Corrección compareció con el fin de consignar su postura en cuanto al recurso. Reconoció que la decisión recurrida fue inadecuada, pues se debió "informar al recurrente sobre el procedimiento que este debía de seguir para solicitar las bonificaciones de trabajo (adicionales) mientras estuvo en libertad bajo palabra". Por ello, solicitó que devolvamos el asunto a Corrección para que emita una "contestación responsiva al recurrente, en la cual atienda su reclamo". Resolvemos.

II.

Según admitido ante este Tribunal por Corrección, la decisión recurrida no atendió el planteamiento del Recurrente. En vez, se limitó a consignar las normas existentes sobre bonificaciones, sin adjudicar si el Recurrente tiene derecho a la bonificación que solicita.

Adviértase que, de conformidad con el Artículo 11 del Plan Núm. 2-2011, según enmendado (entre otras, por las leyes arriba mencionadas), el Recurrente tendría derecho a recibir bonificaciones

por buena conducta y trabajo, si ello se acredita debidamente, independientemente del lugar en que esté cumpliendo la sentencia. Más aún, el Recurrente alega que trabajó durante casi todo el 2023, mientras disfrutó del privilegio de libertad bajo palabra, pero que no ha recibido la bonificación correspondiente.

Ante esta petición específica, Corrección no suplió una respuesta adecuada, pues no adjudicó si el Recurrente tenía razón, sino que se limitó a consignar en general las normas sobre bonificaciones. Corrección debió adjudicar este asunto o, si ello no era posible por vía del mecanismo del remedio administrativo, debió referir el asunto al personal de Corrección encargado de así hacerlo, de manera que el Recurrente fuese evaluado y recibiera una respuesta concreta y adecuada a su solicitud.

III.

Por los fundamentos antes expuestos, se deja sin efecto la decisión recurrida y se devuelve el caso al Departamento de Corrección y Rehabilitación para que emita una respuesta adecuada y responsiva, de conformidad con lo aquí dispuesto y resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones